[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-10700
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 11, 2006
THOMAS K. KAHN
CLERK

BIA No. A95-905-491

LUIS CARLOS MOLINA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(August 11, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Luis Carlos Molina, a native and citizen of Colombia, petitions for review of the final order of the Board of Immigration Appeals ("BIA"), which affirmed without opinion the immigration judge's ("IJ's") denial of asylum under the

Immigration and Nationality Act ("INA").[1]  On appeal, Molina argues the IJ erred by denying asylum after finding that Molina did not demonstrate past persecution or a well-founded fear of future persecution by the Revolutionary Armed Forces of Colombia ("FARC") based on his membership in the Liberal Party or his status as a supporter of presidential candidate Alvaro Uribe's message concerning the need to rid Colombia of guerillas.  After careful review, we deny the petition.

When the BIA issues an affirmance without opinion, the IJ's decision becomes the final order subject to review. See Mendoza v. Att'y Gen., 327 F.3d 1283, 1284 n.1 (11th Cir. 2003).  To the extent that the IJ's decision was based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001).  Factual determinations, however, are reviewed under the "highly deferential substantial evidence test," which requires us to "view the record in the light most favorable to the [IJ]'s decision and draw all reasonable inferences in favor of that decision."  Adefemi v. Ashcroft, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 2245 (2005).  Under this standard, a denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists.

---

[1]Because we find that Molina has not established a case for asylum under the INA, we do not address his arguments that he also satisfied the higher standard for withholding of removal. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1292-93 (11th Cir. 2001). Molina has not appealed the denial of relief under the United Nations Convention Against Torture and Other Cruel, Inhumane or Degrading Treatment or Punishment ("CAT"), and therefore, any claim based on the CAT is deemed abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

See INS v. Elias-Zacarias, 502 U.S. 478, 481 n.1, 112 S. Ct. 812, 815 n.1, 117 L. Ed. 2d 38 (1992); see also Silva v. U.S. Att'y Gen., 448 F.3d 1229, 1236 (11th Cir. 2006) ("Findings of fact made by the Immigration Judge may be reversed by this Court only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." (internal citations and quotations omitted)). "The trier of fact must determine credibility, and this court may not substitute its judgment for that of the [IJ] with respect to credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to his home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001); 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and

3

credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. 8 C.F.R. § 208.13(a), (b); Al Najjar, 257 F.3d at 1287. "To establish asylum based on past persecution, the applicant must prove (1) that [ ]he was persecuted, and (2) that the persecution was on account of a protected ground." Silva, 448 F.3d at 1236 (citations omitted). "To establish eligibility for asylum based on a well-founded fear of future persecution, the applicant must prove (1) a 'subjectively genuine and objectively reasonable' fear of persecution, that is (2) on account of a protected ground." Id. (citations omitted).

"[P]ersecution is an extreme concept, requiring more than a few isolated incidents of verbal harassment or intimidation [.]" Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005) (internal quotations and citation omitted). There must be "specific, detailed facts showing a good reason to fear that [the petitioner] will be singled out for persecution on account of [his political] opinion." Al Najjar, 257 F.3d at 1287. Additionally, we have held that "evidence that either is consistent with acts of private violence or the petitioner's failure to cooperate with guerillas, or that merely shows that a person has been the victim of criminal activity, does not constitute evidence of persecution based on a statutorily protected ground." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247 1257-58 (11th Cir. 2006).

4

Here, substantial evidence supports the IJ's decision that Molina was not entitled to asylum, based on either past persecution or a well-founded fear of future persecution, on account of a political opinion. First, the IJ made an adverse credibility determination as to Molina's testimony based on internal inconsistencies, which the IJ specified and explained in his order. An adverse credibility determination alone will support the denial of asylum. See Forgue v. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005); D-Muhumed, 388 F.3d at 819. Moreover, the only evidence of Molina's alleged past persecution attributable, with any degree of specificity, to the FARC consisted of some threatening phone calls, during which the FARC asked Molina to provide certain information, and the theft of his wallet. Simply put, Molina's mere refusal to cooperate with the FARC's demands is insufficient to show past persecution. See Sanchez v. Att'y Gen., 392 F.3d 434, 437 (11th Cir. 2004) (holding that alien did not establish past persecution by FARC where FARC's harassment was due to alien's refusal to cooperate rather than actual or imputed political opinion).

As for a well-founded fear of future persecution, other than his own speculation, Molina presented no evidence that he would be harmed if he returned to Colombia. The IJ noted that Molina had been gone from Colombia for two (now four) years, and no longer held the airline position that gave him access to the information the FARC demanded of him during the threatening phone calls.

5

Because Molina did not present "specific, detailed facts showing a good reason to fear that he . . . will be <u>singled out</u> for persecution," <u>Sepulveda</u>, 401 F.3d at 1231 (quotation omitted), we are not compelled to conclude that Molina has established a case for asylum based on a well-founded fear of future persecution by the FARC.

In sum, Molina has failed to establish that the record compels a finding that the FARC persecuted him, or that he had a well-founded fear of future persecution by the FARC, because of his political opinion, rather than solely on account of his refusal to cooperate. Accordingly, we deny the petition for review.

**PETITION DENIED.**